IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE McCLENDON, #242 208, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-307-WKW-CSC |
| | ) | |
| DR. BARRET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

A 42 U.S.C. § 1983 action has been filed by an inmate alleging a violation of his civil rights. The Magistrate Judge has reviewed the Complaint and determined that this pleading cannot be properly and effectively processed without additional information from Defendant Barret. Accordingly, it is ORDERED:

1. Defendant must review the allegations in the Complaint to (a) ascertain the relevant facts and circumstances; (b) consider whether any action should be taken by prison officials to resolve the allegations of the Complaint; and (c) determine if other similar complaints, whether pending in this Court or elsewhere, should be considered together.

2. Defendant must file a written report with the Court and serve a copy on Plaintiff by **June 9, 2021**. This report must contain the affidavits or sworn statements of the Defendant regarding the allegations of the Complaint and, where appropriate and not merely cumulative, affidavits or sworn statements from any other prison or medical personnel with personal knowledge of the allegations of the Complaint.

3. All defenses, including immunity defenses, must be set forth in the written report, or they may be waived. Authorization is granted to interview all witnesses, including Plaintiff. Defendant must submit only those prison or medical records relevant to the claims raised in the Complaint, and the documents must be presented in chronological order. Whenever relevant, copies of medical or psychiatric records must be attached to the written report as exhibits separate from any statement explaining the content of the records. Where Plaintiff's claim or Defendant's defenses relate to the application of administrative rules, regulations, or guidelines, the written report must include copies of all applicable administrative rules, regulations, or guidelines. In addressing the claims presented by Plaintiff, Defendant must furnish copies of all documents, records, and regulations relevant to Plaintiff's claims for relief.

4. If Defendant asserts failure of exhaustion as an affirmative defense, he must specifically identify the grievance procedure and describe how Plaintiff failed to exhaust it. If Plaintiff failed to undertake the available grievance procedure during his confinement and the procedure is no longer available to him, Defendant must advise the Court. *Jones v. Bock*, 549 U.S. 199, 216 (2006) (holding that failure of exhaustion is an affirmative defense that must be raised by defendants); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (recognizing that the Prison Litigation Reform Act ("PLRA") exhaustion requirement requires proper exhaustion). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings." *Id.* at 90–91 (footnote omitted). "Construing § 1997e(a) to

2

require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 93.

5. Defendant must file an Answer by **June 9, 2021**.

6. No motion for summary judgment, motion to dismiss, or any other dispositive motion may be filed without permission of the Court. If a document denominated as a motion for summary judgment, motion to dismiss, or other dispositive motion is sent to the Clerk, it will not be treated as a dispositive motion without further order from the Court. However, an exception to seeking permission to file a dispositive motion exists for motions to dismiss filed by Plaintiff seeking to dismiss the case, claims, or a defendant before entry of a Recommendation on the dispositive motion.

7. Plaintiff must immediately inform the Court and Defendant or Defendant's counsel of any change of address. Plaintiff must file a "Notice of Change of Address" and send a copy to counsel of record for Defendant or to Defendant if no attorney has appeared on behalf of Defendant. Failure to provide a correct address to this Court within **ten days** after a change of address will result in dismissal of this action. Plaintiff must also diligently prosecute this action or face the possibility of dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

8. <u>NOTICE TO PLAINTIFF</u>.

    (a) The Federal Rules of Civil Procedure require that Plaintiff mail a true and correct copy of anything sent to the Court to counsel for Defendant or to Defendant if

no attorney has appeared on behalf of Defendant. Failure to do so may result in dismissal of this case or other penalties. Anything filed should contain a certificate of service specifically stating that the document has been sent to Defendant or counsel for Defendant, as appropriate. If the document does not contain a certificate of service, it will not be accepted for filing.

   (b) With the exception of the Complaint and any response ordered by the Court, no other pleading will be allowed. Fed. R. Civ. P. 7(a).

   (c) Each pleading, motion, or other application filed with the Court must contain a caption with the court's name, a title, and file number, along with a Rule 7(a) designation if the document is a pleading. Fed. R. Civ. P. 10(a). All filings must also be signed by the Plaintiff. Fed. R. Civ. P. 11(a).

   (d) Every request for an order or particular action by the Court must be presented by a written motion unless it is made during a hearing or trial. Fed. R. Civ. P. 7(b)(1). The motion must describe with particularity the grounds for the motion and the relief or order requested. *Id*. Additionally, the request must contain a proper caption with a title specifically stating the action that Plaintiff wants the Court to take. Fed. R. Civ. P. 7(b)(2) and 10(a). A request that fails to comply with the rules outlined in this Order will not be accepted by the Court for filing. The Court will consider only those requests made in an appropriate motion in the proper form. Any request for relief or action must be contained in the title of the motion to warrant consideration by the Court.

   (e) Any amendment to the Complaint must be titled as an "Amendment to Complaint" or similar language. Except as permitted by Rule 15(a) of the Federal Rules

of Civil Procedure, no amendment will be accepted unless it is accompanied by a motion for leave to amend.

      (f)    Any amendment to the Complaint or motions to amend must be filed within **21 days** of Defendant's filing his written report, and the allegations in the amendment must relate to the facts in the original Complaint. Fed. R. Civ. P. 15(a)(1)(B). Proposed amendments or motions to amend filed after this deadline will be considered untimely, and any amendments or motions that contain claims unrelated to the claims presented in the original Complaint will not be considered by the Court.

      (g)    This case will proceed as quickly as possible, and Plaintiff will be informed of all action the Court takes.

      (h)    It is Plaintiff's responsibility to provide the Clerk's Office with accurate addresses for Defendants whom Plaintiff wishes to serve. Without accurate addresses, service of process is impossible. It is also Plaintiff's responsibility to monitor this case and make sure that service has been completed. If not served, a person is not a party to this lawsuit except in very unusual circumstances.

Plaintiff is specifically CAUTIONED that a failure to file motions, pleadings, or other documents that conform with the Federal Rules of Civil Procedure and this Order will result in the documents not being accepted for filing.

The CLERK is DIRECTED not to accept any pleadings, motions, or other documents submitted by Plaintiff that do not comply with the Federal Rules of Civil Procedure and this Order.

5

The CLERK is also DIRECTED to (1) send a copy of this Order to Plaintiff, to General Counsel for Wexford Health Sources, Inc.; and (2) serve a copy of this Order and the Complaint via certified mail on Defendant Barret.

Done, this 28th day of April 2021.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE